# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2025

Lyle W. Cayce
Clerk

No. 24-10906

United States of America,

*Plaintiff—Appellee*,

*versus*

Javier Guerra,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-266-16

Before Jones, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Javier Guerra, federal prisoner # 49834-177, seeks to proceed in forma pauperis (IFP) from the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 821 to the Sentencing Guidelines. By moving for leave to proceed IFP, Guerra is challenging the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10906

In his IFP pleadings, Guerra contends that the district court denied his § 3582(c)(2) motion via a "perfunctory order" that did not provide sufficient reasons for denying his motion based on an analysis of the 18 U.S.C. § 3553(a) factors. He also contends that the district court failed to consider his post-sentencing rehabilitation, instead focusing on decade-old offense conduct. Guerra is mistaken, however, because both the district court's statement of reasons and the probation officer's Amendment 821 Worksheet clearly indicate that Guerra's motion was denied because he was not eligible for a sentence reduction based on Amendment 821. Accordingly, Guerra arguably abandons any challenge to the district court's eligibility determination. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In any event, Guerra does not qualify for a sentence reduction under Amendment 821 as a matter of law because he was not assessed status points, he was assessed one criminal history point, he possessed a firearm in connection with the offense, and he received an aggravating role adjustment. *See* U.S.S.G. § 4A1.1(e) (2023); U.S.S.G. § 4C1.1(a)(1), (a)(7), (a)(10) (2023). Thus, he fails to demonstrate a nonfrivolous issue regarding whether the district court abused its discretion by denying his § 3582(c)(2) motion. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2), p.s.; *Dillon v. United States*, 560 U.S. 817, 826 (2010); *see also Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Accordingly, Guerra's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.